21-2579-cv
Ocampo, et al. v. Brown & Appel, LLC

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of December, two thousand twenty-two.

PRESENT:  ROSEMARY S. POOLER,
RAYMOND J. LOHIER, JR.,
BETH ROBINSON,
*Circuit Judges.*

------------------------------------------------------------------------

CARLOS OCAMPO, on behalf of themselves and all others similarly situated, IGOR MOROZOV, on behalf of themselves and all others similarly situated, JORGE VILLANUEVA, on behalf of themselves and all others similarly situated, AMAURY ORTIZ, on behalf of themselves and all others similarly situated, PLINIO RETANA, on behalf of themselves and all others similarly situated, MANUEL CALDERON, on behalf of themselves and all others similarly situated, SUTEE MONCHAITANAPAT, on behalf of themselves and all others similarly situated, SONIA GONZALEZ, ALBERTO GONZALES, PANFILO ESCOBAR, FELIPE BARRIGA, DOUGLAS MOLINA,

NELSON DELAROSA, FRANCISCO SOLIS, CLARISA ROJAS-DELAROSA, CANDIDO SANCHEZ, ESTELA PENALO DIAZ, ALEJANDRO GONZALEZ, MARIA LAMOTH, HILARIO KU, JENNYS MOYA, EDWARD SURIEL, LUCIA ROJAS-ESCOLASTICO,

*Plaintiffs-Appellants*,

v.

No. 21-2579-cv

BROWN & APPEL, LLC, ALEXANDER SIROTKIN,

*Defendants-Appellees*.*

----------------------------------------------------------------------

| FOR PLAINTIFFS-APPELLANTS: | JOHN J. MALLEY, Smith Buss & Jacobs, LLP, Yonkers, NY (VINCENT VOLINO, Vincent Volino PLLC, Yonkers, NY, *on the brief*) |
| --- | --- |
| FOR DEFENDANTS-APPELLEES: | GREGORY A. BLUE, Lachtman Cohen P.C., White Plains, NY |

Appeal from a judgment of the United States District Court for the

Southern District of New York (Kenneth M. Karas, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED,

AND DECREED that the judgment of the District Court is AFFIRMED.

---

* The Clerk of Court is directed to amend the caption as set forth above.

In this collective action, Carlos Ocampo and twenty-two other hourly employees of the former Doubletree Hotel in Tarrytown, New York (together, "Plaintiffs-Appellants") appeal from a judgment of the United States District Court for the Southern District of New York (Karas, J.) granting summary judgment in favor of Defendants-Appellees Brown & Appel, LLC ("B&A") and Alexander Sirotkin. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

At all times relevant to this appeal, the Doubletree Hotel in Tarrytown was owned and operated by 455 Hospitality, LLC ("455 Hospitality"). Plaintiffs-Appellants alleged principally that the hotel and its managers failed to pay overtime, unlawfully deducted lunch expenses, failed to distribute customer tips, and failed to reimburse them for the costs of purchasing supplies, among other violations of the Fair Labor Standards Act (FLSA) and New York Labor Law (NYLL). Jordan LLC, a corporation, owned 50.02 percent, and B&A owned between 16.66 and 33.32 percent, of 455 Hospitality. Sirotkin owned 55 percent of Jordan and signed at least two documents as Jordan's "managing member." Sirotkin sometimes held himself out as the hotel's "Managing Partner," and at

least some employees believed that he was the managing partner.

In the operative Fourth Amended Complaint, Plaintiffs-Appellants claimed that Sirotkin was individually liable on account of his "operational control" of the hotel. They further claimed that B&A and Sirotkin were liable for claims against 455 Hospitality based on a theory of corporate veil piercing.

After discovery, Sirotkin and B&A moved for summary judgment, which the District Court granted on September 21, 2021. The District Court concluded that Sirotkin did not have employer liability under the FLSA and NYLL because "Plaintiffs have plainly conceded the Carter factors" and also because "Sirotkin's involvement in . . . the Hotel completely separate and apart from Plaintiffs' employment cannot support a finding that he exercised operational control over them." Spec. App'x 16, 18. The District Court also rejected Plaintiffs-Appellants' argument that Sirotkin and B&A are alter egos of 455 Hospitality, principally because alter ego liability cannot operate as a freestanding claim.

We review the District Court's grant of summary judgment de novo, construing the evidence in the light most favorable to Plaintiffs-Appellants. See Mihalik v. Credit Agricole Cheuvreux N. Am., Inc., 715 F.3d 102, 108 (2d Cir. 2013).

4

## I.   Sirotkin's Liability

We agree with the District Court's conclusion that, based on the evidence adduced at summary judgment, Sirotkin is not liable as an "employer" under the FLSA and NYLL.[1]  As explained below, Plaintiffs-Appellants failed to show that they satisfied any of the Carter factors.  Nor did they show that the totality of the circumstances demonstrates that Sirotkin otherwise exercised operational control over their employment.

To begin, at summary judgment, Plaintiffs-Appellants conceded in their Rule 56.1 Counterstatement of Facts that none of the four Carter factors are satisfied.[2]  Specifically, Plaintiffs-Appellants admitted the following:  (1) Sirotkin "did not hire any of the Plaintiffs, or any hourly employees" or "fire any of the Plaintiffs, or any hourly employees" (the first Carter factor); (2) Sirotkin "did not

---

[1] Plaintiffs-Appellants argue that Sirotkin was liable as an "employer" under both the FLSA and NYLL by relying exclusively on cases that interpret the FLSA's definition of "employer."  For the purposes of this appeal, we assume without deciding that "the tests for 'employer' status are the same under the FLSA and the NYLL."  Tapia v. BLCH 3rd Ave LLC, 906 F.3d 58, 61 n.1 (2d Cir. 2018) (quoting Irizarry v. Catsimatidis, 722 F.3d 99, 117 (2d Cir. 2013)); see Irizarry, 722 F.3d at 117 (observing that "this question has not been answered by the New York Court of Appeals").

[2] These factors are "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records."  Barfield v. N.Y.C. Health & Hosps. Corp., 537 F.3d 132, 142 (2d Cir. 2008) (quoting Carter v. Dutchess Cmty. Coll., 735 F.2d 8, 12 (2d Cir. 1984)).

5

supervise any of the Plaintiffs," "control the work schedule for any of the Plaintiffs," or "set the conditions of employment for any of the Plaintiffs" (the second Carter factor); (3) Sirotkin "did not determine the rate of pay for any of the Plaintiffs" or "determine the method of payment for any of the Plaintiffs" (the third Carter factor); and (4) Sirotkin "did not maintain employment records for any of the Plaintiffs" (the fourth Carter factor). App'x 1022 (Plaintiffs' Rule 56.1 Counterstatement of Facts); see Barfield, 537 F.3d at 142. "Parties are bound by their concessions in Rule 56.1 statements." McKinney v. City of Middletown, 49 F.4th 730, 744 (2d Cir. 2022) (quotation marks omitted).

In considering Sirotkin's liability, we may also more broadly consider "evidence showing an individual's authority over management, supervision, and oversight of a company's affairs in general" if it is "relevant to the totality of the circumstances in determining the individual's operational control of the company's employment of the plaintiff employees." Irizarry, 722 F.3d at 110 (emphasis added) (quotation marks omitted). With that standard in mind, we agree with the District Court that there was no admissible evidence of Sirotkin's operational control of 455 Hospitality's employment of Plaintiffs-Appellants.

Plaintiffs-Appellants point out that the hiring of managerial employees is

6

"a strong indication of control" where those managers are "in charge of the [plaintiffs]." Herman v. RSR Sec. Servs. Ltd., 172 F.3d 132, 140 (2d Cir. 1999). Here, Sirotkin was involved in interviewing and hiring managerial employees such as the General Manager, the Director of Marketing and Sales, the Director of Finance, and the Chief Financial Officer. But on appeal, the Plaintiffs-Appellants do not claim that any of these managerial employees, including the General Manager, themselves qualify as supervisors who were "in charge of" them. And in any event, Plaintiffs-Appellants have not pointed us to evidence of such authority. At most, according to the record, Sirotkin's communications with the managers were limited to discussing hotel sales and employees who worked in sales.

Plaintiffs-Appellants also argue that Sirotkin's frequent and regular demands for financial documents establishes his operational control. We disagree. Sirotkin testified that, consistent with his focus on sales, he requested these documents to see if the hotel was profitable. Plaintiffs-Appellants did not adduce evidence that rebutted this testimony. And "[e]vidence that an individual is an owner or officer of a company, or otherwise makes corporate decisions that have nothing to do with an employee's function, is insufficient to

demonstrate 'employer' status." Irizarry, 722 F.3d at 109.

## II. Alter Ego Liability

Plaintiffs-Appellants' alternative claim of veil-piercing liability is similarly without merit. A veil-piercing claim "is a means of imposing liability on an underlying cause of action," Peacock v. Thomas, 516 U.S. 349, 354 (1996), and cannot stand as an independent claim, see Morris v. New York State Dep't of Tax'n & Fin., 82 N.Y.2d 135, 141 (1993). Here, Plaintiffs-Appellants claim that Sirotkin "left 455 [Hospitality] undercapitalized with insufficient resources to pay employees." Pls.-Appellants' Br. at 54. But they do not further assert that their claims under the FLSA and NYLL stemmed from the hotel's financial difficulties. Therefore, Plaintiffs-Appellants' alter ego liability claim is independent of their claims under the FLSA and NYLL and fails for that reason.

We have considered the Plaintiffs-Appellants' remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

8